UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| LEE WOOLVERTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:17CV170 ACL |
| | ) | |
| CITY OF WARDELL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff Lee Woolverton filed this action against Defendants City of Wardell, Casey Redden, Chris Rudd, Deputy Edward Holloway, Sheriff Tommy Greenwell, and Western Surety Company, alleging violations of his constitutional rights resulting from an April 2016 traffic stop. Presently pending before the Court are four separate motions to dismiss filed by various Defendants (Docs. 14, 17, 26, 31), as well as two motions to dismiss filed by Plaintiff (Docs. 25, 29).

**I.  Background**

In his Complaint, Plaintiff sets forth three counts: Count I (unlabeled), Count II "Negligence Under Bond," and Count III "Negligence." (Doc. 1.) Plaintiff states that Defendants Redden and Rudd were police officers employed by the City of Wardell, Missouri, at all relevant times; Defendant Holloway was employed as Deputy Sheriff of Pemiscot County, Missouri; and Defendant Greenwell was Sheriff of Pemiscot County, Missouri. Plaintiff alleges that Defendant Western Surety Company issued a bond for the guarantee of the lawful performance of Sheriff Greenwell's duties as sheriff.

On November 27, 2017, Defendants City of Wardell and Officer Chris Rudd filed a

Motion to Dismiss, or in the alternative, Motion for More Definite Statement. (Doc. 14.) Defendants argue that Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief may be granted for the following reasons: (1) Plaintiff fails to state a plausible § 1983 claim against Defendant Rudd; (2) a negligence claim against Defendant Rudd in his individual capacity is barred by the official immunity doctrine; (3) Plaintiff fails to state a § 1983 claim against the City of Wardell; (4) Plaintiff fails to state a negligence claim against the City of Wardell; and (5) Plaintiff's Complaint fails to comply with the requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure. Defendants request in the alternative that the Court order Plaintiff to provide a more definite statement. Plaintiff has filed a Response in Opposition to Defendants' Motion. (Doc. 35.)

Defendant Tommy Greenwell filed a Motion to Dismiss Count I pursuant to the Federal Rules of Civil Procedure 12(b)(6) on the same date. (Doc. 17.) Defendant Greenwell argues that Count I of Plaintiff's Complaint fails to state a claim upon which relief may be granted because there are no allegations of individual involvement by Sheriff Greenwell or allegations of any unconstitutional policy or custom. Defendant Greenwell filed an Answer with regard to Counts II and III. (Doc. 16.)

In Response to Defendant Greenwell's Motion, Plaintiff filed a Motion to Dismiss Count I Only as to Tommy Greenwell Without Prejudice. (Doc. 29.) Plaintiff also filed a Motion to Dismiss Western Surety Company Without Prejudice, in which he states that Western Surety is not a necessary party to these proceedings. (Doc. 25.) Plaintiff's Motions to Dismiss will be granted.

On December 6, 2017, Defendant Holloway filed a Motion to Dismiss, or in the

alternative, a Motion for More Definite Statement.  (Doc. 26.)  Defendant argues that Count I[1] of the Complaint fails to state a claim as to Defendant Holloway because it does not assert a specific cause of action against Defendant Holloway and fails to state a plausible § 1983 claim or negligence claim.  Defendant Holloway contends that the allegations in Count I are incomprehensible, and requests in the alternative that Plaintiff be required to plead more specifically a factual basis for his claims.  Plaintiff has filed a Response in Opposition to Defendant Holloway's Motion.  (Doc. 33.)

Finally, on December 14, 2017, Defendant Redden filed a Motion to Dismiss, or in the alternative, Motion for More Definite Statement.  (Doc. 31.)  Defendant argues that Plaintiff fails to state a claim upon which relief may be granted for the following reasons: (1) Plaintiff fails to state a plausible § 1983 claim against Redden; (2) a negligence claim against Redden in his individual capacity is barred by the doctrine of official immunity; and (3) Plaintiff's Complaint fails to comply with the requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure.  Defendant Redden requests in the alternative that the Court order Plaintiff to provide a more definite statement.  Plaintiff opposes Defendant's Motion.  (Doc. 34.)

**II.     Discussion**

Common to all Defendants' motions to dismiss is the claim that Count I of Plaintiff's Complaint fails to set forth the legal basis of relief and is incomprehensible.  Although Plaintiff opposes the motions to dismiss of Defendants Wardell, Redden, Rudd, and Holloway, he does not directly address Defendants' alternative request that Plaintiff be directed to plead more specifically the basis for his claims.

---

[1]Counts II and III do not pertain to Defendant Holloway.

Federal Rule of Civil Procedure 8(a) requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(e) allows a party to move for a more definite statement of a pleading that is "so vague or ambiguous that the party cannot reasonably prepare a response." "A motion for more definite statement is proper when a party is unable to determine issues he must meet ..." *Tinder v. Lewis Cty Nursing Home Dist.*, 207 F. Supp.2d 951, 959 (E.D. Mo. 2001). Motions for a more definite statement are appropriate when a complaint is unintelligible rather than lacking in detail. *Id.* It is not a substitute for discovery. *Id.* "[D]ismissal of a plaintiff's complaint for failure to comply with Rule 8 should be with leave to amend." *Michaelis v. Nebraska State Bar Ass'n*, 717 F.2d 437, 439 (8th Cir. 1983).

Plaintiff sets forth the following allegations in paragraph 15 of the unlabeled Count I of his Complaint:

> That on or about Monday, April 11, 2016 approximately 10:10 p.m. Police Chief Redden stopped the Plaintiff for allegedly having loud music and a light out (however the lights were actually working). That Defendant Redden had observed the Plaintiff driving earlier and did nothing to stop the Plaintiff. During the stop and before the search of the vehicle Defendant Rudd walked to the Plaintiff's back passenger car door, opened the door and told the Plaintiff that he could 'kick his ass.' He further called the Plaintiff derogatory names such as 'douche bag.' Then the Plaintiff's car was unreasonably searched by a drug dog and was later unreasonably searched by the Defendants and that no contraband or other illegal items were found. But during the stop, investigation, and arrest, the Defendants slammed the Plaintiff's head into the Defendant's SUV. Next a choke hold was applied on the Plaintiff by Defendant Rudd or the Defendant Redden and a scissor move was applied to Plaintiff's leg by Defendant Redden or Chief Rudd at the direction and assistance of the Chief of Police. This was a coordinated attack by the Defendants Redden and Rudd. As a direct result of the scissor move, the Plaintiff's leg snapped and was broken because of the fulcrum created in the scissor move. The Plaintiff told the Defendants that his leg was broken but the Defendants did not believe him and hauled him roughly into their police vehicle. At this time the Plaintiff observed Defendant Deputy Holloway at the scene and that Deputy Holloway instructed Defendants Redden and Rudd on how to pick up the Plaintiff and place him in the Defendants' SUV. While being moved the Plaintiff asked Defendants Redden and Rudd to stop because his leg

was broken and hurting. At that time Defendant Holloway told the Plaintiff that he was going to 'kick his ass.' The Defendants then transported the Plaintiff to the Hayti hospital. The Hayti hospital was unable to help the Plaintiff, and the Plaintiff was then transported by his father to a hospital in Cape Girardeau, Missouri and then to Barnes hospital in St. Louis, Missouri. That at the time the Defendants delivered the Plaintiff to the Hayti hospital, they told the Hayti hospital that the treatment was on the Plaintiff's own and was not their responsibility. That these actions occurred while the Plaintiff was handcuffed. That at some point in time during the abusive actions of Redden, Rudd and Deputy Holloway arrived at the scene and either assisted in the abusive conduct or did nothing to stop the conduct.

(Doc. 1 at p. 3-5.)

The Court will grant the motions to dismiss of Defendants Rudd, City of Wardell, Holloway, and Redden, and will allow Plaintiff leave to amend his Complaint. The style of Plaintiff's Complaint, as demonstrated by the above-cited paragraph, would make "an orderly trial impossible." *Michaelis*, 717 F.2d at 439. Further, Plaintiff's Complaint repeatedly uses the term "Defendants" and does not specify the Defendant to which each count applies. This unfairly burdens the Defendants and the Court because it shifts "the burden of identifying the plaintiff's genuine claims and determining which of those claims might have legal support." *Gurman v. Metro Housing & Redevelopment Auth.*, 842 F. Supp.2d 1151, 1153 (D. Minn. 2011). "It is the plaintiff's burden under both Rule 8 and Rule 11, to reasonably investigate their claims, to research the relevant law, to plead only viable claims, and to plead those claims concisely and clearly, so that a defendant can readily respond to them and a court can readily resolve them." *Id.*

The Court will allow Plaintiff 30 days from the date of this Order to file an Amended Complaint that complies with the Federal Rules of Civil Procedure. Specifically, Plaintiff must set out a short and plain statement clearly setting out his claims and showing that he is entitled to relief, and should specify the Defendants to which each count applies.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Dismiss Western Surety Company Without Prejudice (Doc. 25) is **granted**.

**IT IS FURTHER ORDERED** that Defendant Western Surety Company is **dismissed without prejudice** from this action.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Dismiss Count I as to Tommy Greenwell, Only, Without Prejudice (Doc. 29) is **granted**.

**IT IS FURTHER ORDERED** that Defendant Tommy Greenwell's Motion to Dismiss Count I (Doc. 17) is **denied as moot**.

**IT IS FURTHER ORDERED** that the Motions to Dismiss, or in the Alternative, Motions for More Definite Statement of Defendants Rudd, City of Wardell, Holloway, and Redden (Docs. 14, 26, 31) **are granted**.

**IT IS FURTHER ORDERED** that Plaintiff shall file an Amended Complaint as to Defendants Greenwell, Rudd, City of Wardell, Holloway, and Redden **no later than February 28, 2018**.

                                          **/s/** Abbie Crites-Leoni
                                          ABBIE CRITES-LEONI
                                          UNITED STATES MAGISTRATE JUDGE

Dated this 29th day of January, 2018.